UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**13 CV    6103**

-------------------------------------------------------------x

    **DAVID FARKAS;**
       *Plaintiff,*

Case No._____

-v-

**M & M RECOVERY SERVICES, LLC;**
     *Defendant,*

**DEMAND FOR TRIAL BY JURY**

-------------------------------------------------------------x

## VERIFIED COMPLAINT FOR VIOLATIONS OF THE TCPA

### INTRODUCTION

HERE COMES NOW, Plaintiff, David Farkas, (hereinafter Plaintiff) hereby files this complaint,

individually against Defendant, M & M RECOVERY SERVICES, LLC (hereinafter Defendant) for

violations of the Telephone Consumer Protection Act (TCPA) 47 U.S.C. § 227 *et seq.* 47 C.F.R. §

64.1200(a)(2); as well for violations of the New York General Business Law § 349, for Invasion of

Privacy as the Defendant repeatedly and unlawfully placed calls to Plaintiff's cellular telephone in

an attempt to collect an alleged debt belonging to someone other than the Plaintiff.

### JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 47 U.S.C. § 227(b)(3); 47 C.F.R. § 64.1200(a)(2); New

   York GBS. Law § 349, and supplemental jurisdiction exists for the state law claims pursuant to

   28 U.S.C. § 1367.

2. This court has original jurisdiction over Plaintiff's TCPA claims Mims v. Arrow Fin. Serv.,

   LLC, 132 S. Ct. 740 (2012) as the Plaintiff resides in the County of Orange State of New York,

   and the acts complained of herein occurred in this County, and the Defendant is being corporate

   in New York and transacts business here.

3. This court has jurisdiction because the Defendant violated New York General Business Law

1

§ 349, as the Defendant's acts in this county gave rise to the causes of action asserted herein.

4.  This court has jurisdiction pursuant to New York General Business Law § 349, because the Defendant caused injury to Plaintiff, within the State of New York, while it was engaged in service activities in obtaining consumer information from reporting agencies.

5.  Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391b(1), in that the Plaintiff resides here, the Defendant transacts business here, and the conduct complained of occurred here.

## PARTIES

6.  The Plaintiff, David Farkas, is an individual that resides in the County of Orange State of New York, and is a person as the term is defined by TCPA, 47 U.S.C. § 153(10).

7.  Upon information and belief The Defendant, M & M RECOVERY SERVICES, LLC, is a Domestic Limited Liability Company with its principle place of business at 145 Huguenot Street Suite 204, New Rochelle, NY 10801.

8.  At all times of this complaint the Defendant acts as debt collector with respect to the collection of an alleged debt as defined by TCPA 47 U.S.C. § 153(10).

9.  Does 1-10 (the "Agents") are individual employees and/or agents employed by Defendant and whose identities are currently unknown to the Plaintiff. One or more of the Agents may be joined as parties once their identities are disclosed through discovery.

10. Defendant at all times acted by and through one or more of the Agents.

## STATEMENT OF FACTS

11. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

12. From about April 17, 2013, thru May 14, 2013, the Plaintiff received phone calls on his cellular

phone number ending in (XXX-XXX-0767) from the Defendant's phone (914-654-3069), and from (914-654-3000) using an automatic telephone dialing system (ATDS) with artificial pre-recorded voices seeking to collect an alleged debt belonging to someone other than the Plaintiff.

13. When the Plaintiff answered the Defendant's call he was met with "dead-air" until such time as one of the Defendant's debt collection representatives picked up the line and asked about some other individual with the name of "Seeza Castillo".

14. During the conversation with the Defendant, Plaintiff requested that Defendant should cease all calls to his cellular telephone as this is not "Seeza Castillo".

15. Despite Plaintiff's unequivocal request that the calls should cease, the Defendant placed more additional calls to Plaintiff in its collection efforts.

16. On several occasions when Plaintiff answered the Defendant's calls, Plaintiff heard a pre-recorded message requesting that this name "Seeza Castillo" should return the Defendant's call.

17. Plaintiff has no prior or present established business relationship with the Defendant within the meaning of 47 U.S.C. § 227 and Plaintiff has never given the Defendant "express written permission" to call his cellular phone.

18. On July 5, 2013, Plaintiff mailed a notice of the violations to the Defendant via US Certified Mail # 7012 1010 0003 5809 5862, this was an effort to mitigate damages and reach a settlement for their violations before taking civil action against the Defendant and to spare judicial resources.

19. Upon Plaintiff's notice the Defendant failed/refused to provide any reason why they called the Plaintiff's cellular phone.

20. Discovery of the violations brought forth herein are within the statute of limitations as defined by TCPA, 47 U.S.C. § 227 *et seq.*

## COUNT I
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
## (TCPA) 47 U.S.C. § 227, *et seq.* BY DEFENDANT M & M RECOVERY SERVICES, LLC

21. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

22. At all times mentioned herein, Defendant contacted Plaintiff on his cellular telephone using an automatic telephone dialing system (ATDS) and/or artificial pre-recorded voice messages in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

23. When Plaintiff answered the calls from Defendant, an artificial and/or pre-recorded message was heard that this name "Seeza Castillo" should return the Defendant's call.

24. The prerecorded calls that Defendant placed to Plaintiffs cell phone were directed to another individual unknown to the Plaintiff.

25. The telephone number that the Defendant called was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

26. The Plaintiff never provided his cellular telephone number to Defendant through any medium.

27. The calls from Defendant to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

28. The Plaintiff never provided express written consent to Defendant, or its agents to be contacted on his cellular phone.

29. Each of the aforementioned calls made by the Defendant constitutes a negligent or intentional separate violation of the TCPA, including each of the aforementioned provisions of 47 U.S.C. § 227(b)(1)(A), and 47 C.F.R. § 64.1200(a)(2).

30. As a result of each of the Defendants negligent violations of the TCPA, Plaintiff is entitled to an

award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47

U.S.C. § 227(b)(3)(B).

31. As a result of each of the Defendants knowing and/or willful violations of the TCPA, Plaintiff is

entitled to an award of treble damages in an amount up to $1,500.00 for each and every violation

of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(C).

## COUNT II
### VIOLATIONS OF THE NEW YORK GENERAL BUSINESS LAW § 349, ENGAGING IN UNLAWFUL DECEPTIVE PRACTICES AND ACTS BY DEFENDANT M & M RECOVERY SERVICES, LLC

32. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though

fully stated herein.

33. Under New York General Business Law § 349, deceptive acts or practices in the conduct of

any business trade or commerce or in the furnishings of any service in this state of New York

are hereby declared unlawful.

34. As a direct and proximate result of the Defendant's deceptive acts and practices, in violation of

General Business Law § 349, Plaintiff was damaged in that, among other things, suffered stress

and anxiety as a result of the practices and actions of the Defendant.

35. The TCPA prohibits calls using an artificial or recorded voice or placed with an auto dialer

("robocalls") to "any telephone number assigned to a paging service, cellular telephone service,

specialized mobile radio service, or other radio common carrier service, or any service for

which the called party is charged for the call" without the express consent of the called party.

36. This prohibition is not limited to telemarketing calls; debt collection calls are covered. The FCC

has expressly rejected the argument that debt collection calls are not covered.  CG Docket No.

02-278, Release number FCC 07-232, 23 FCC Rcd 559; 2008 FCC LEXIS 56; 43 Comm. Reg.

(P & F) 877 (Jan. 4, 2008) ("ACA Declaratory Ruling").

37.  Article 29-H Fair Debt Collection Practices Act 601. Prohibited Practices.  2.  No Debt Collector or Creditor shall oppress, harass or abuse any person in connection with the collection of a debt or the attempt to collect a debt. This includes but is not limited to the following activities:  D. Causing a telephone to ring repeatedly or continuously in a manner that can reasonably be expected to annoy, harass or needlessly disturb any person.

38.  The Plaintiff received calls on his cellular phone from Defendant on repeated occasions seeking to collect an alleged debt belonging to someone other than the Plaintiff, the Plaintiff has suffered and continues to suffer damages as a result of foregoing acts and practices, including damages associated with, among other things humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment caused by the Defendant.

<u>**PRAYER FOR RELIEF**</u>

**WHEREFORE,** the Plaintiff respectfully prays that judgment be awarded in his favor against the Defendant as follows:

1.  Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(3)(B);

2.  Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C);

3.  Statutory damages pursuant to 47 C.F.R. § 64.1200(a)(2)

4.  Statutory damages, trebled, pursuant to NY GBL § 349;

Dated: August 26, 2013                    Respectfully Submitted,

By:_____

David Farkas
PO Box 54
Monroe, NY 10949
ibzp12@gmail.com

6

# EXHIBIT A

## RESTRICTIONS ON USE OF TELEPHONE EQUIPMENT CLAIMS
## 47 USC § 227(b)(1)(A)(iii)

(b) Restrictions on use of automated telephone equipment

(1) Prohibitions

It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—

(A) To make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—

(iii) To any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call;

## C.F.R. § 64.1200(b)

(b) All artificial or prerecorded voice telephone messages shall:

(1) At the beginning of the message, state clearly the identity of the business, individual, or other entity that is responsible for initiating the call. If a business is responsible for initiating the call, the name under which the entity is registered to conduct business with the State Corporation Commission (or comparable regulatory authority) must be stated;

(2) During or after the message, state clearly the telephone number (other than that of the autodialer or prerecorded message player that placed the call) of such business, other entity, or individual. The telephone number provided may not be a 900 number or any other number for which charges exceed local or long distance transmission charges.

For telemarketing messages to residential telephone subscribers, such telephone number must permit any individual to make a do-not-call request during regular business hours for the duration of the telemarketing campaign; and

(3) In every case where the artificial or prerecorded voice telephone message includes or introduces an advertisement or constitutes telemarketing and is delivered to a residential telephone line or any of the lines or telephone numbers described in paragraphs (a)(1)(i) through (iii), provide an automated, interactive voice- and/or key press-activated opt-out mechanism for the called person to make a do-not-call request, including brief explanatory instructions on how to use such mechanism, within two (2) seconds of providing the identification information required in paragraph (b)(1) of this section. When the called person elects to opt out using such mechanism, the mechanism, must automatically record the called person's number to the seller's do-not-call list and immediately terminate the call. When the artificial or prerecorded voice telephone message is left on an answering machine or a voice mail service, such message must also provide a toll free number that enables the called person to call back at a later time and connect directly to the automated, interactive voice- and/or key press-activated opt-out mechanism and automatically record the called person's number to the seller's do-not-call list.

## VERIFICATION OF COMPLAINT

STATE OF NEW YORK    )
                      ) ss
COUNTY OF ORANGE    )

Plaintiff, David Farkas, hereby declares that the foregoing is true and correct:

1. I am the Plaintiff in this civil proceeding.
2. I have read the foregoing Verified Complaint and I believe that all of the facts contained therein are true to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded, cognizable in facts and warranted by existing law or by good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass the Defendant, cause them unnecessary delay, or to create a needless increase in the cost of litigation to any Defendant, named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

Pursuant to 28 U.S.C. § 1746(2), I, David Farkas, hereby declare that the foregoing is true and correct.

Dated: August 26, 2013

By: _____
      David Farkas
      PO Box 54
      Monroe, NY 10949
      ibzp12@gmail.com